UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KIMBERLY VIROLA,

                              Plaintiff,

-against-                                          1:24-cv-1393 (LEK/DJS)

KEVIN MATTHEW GONYO, *et al.*,

                              Defendants.

_____

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Kimberly Virola commenced this action by filing a complaint, Dkt. No. 1

("Complaint"), and an application to proceed in forma pauperis, Dkt. No. 2 ("IFP Application").

On December 2, 2024, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a

report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d),

recommending the Court deny the IFP Application and grant Plaintiff the opportunity to submit a

new application. Dkt. No. 5 ("Report and Recommendation") at 2.

No party has filed objections to the Report and Recommendation. For the reasons that

follow, the Court adopts the Report and Recommendation in its entirety.

## II.    BACKGROUND

In the Report and Recommendation, Judge Stewart found that on Plaintiff's IFP

Application, she "stated that she is employed," but she did not "answer the following question

seeking information about how much money she earns from that employment." R. & R. at 2.

Judge Stewart noted that the amount of Plaintiff's income "is critical information for the Court to

assess whether [she] has the ability to pay the filing fee here." *Id.* Accordingly, Judge Stewart

recommended denying the IFP Application but affording Plaintiff "the opportunity to submit a new application containing more detailed information about her income, assets, and other financial obligations." *Id.*

## III.    LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.    DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety. The Court provides Plaintiff thirty days to file an amended IFP application.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 5, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's IFP Application, Dkt. No. 2, is **DENIED**; and it is further

**ORDERED**, that if Plaintiff does not file an amended IFP application within thirty (30) days of this Memorandum-Decision and Order, the Clerk shall close this action without further order from the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      January 28, 2025
            Albany, New York

LAWRENCE E. KAHN
United States District Judge