UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KIMBERLY VIROLA,

     Plaintiff,

  v.

KEVIN MATTHEW GONYO, ROBERT
LOMBARDI, MARK LAVINGE, CHELSEA
DEYO, BLAKE DOBRAJ, JOSHUA DUBOIS,
KENT SMITH, and KAREN SHAW,

     Defendants.

_____

**DECISION AND ORDER**

1:24-CV-01393 EAW

## INTRODUCTION

*Pro se* plaintiff Kimberly Virola ("Plaintiff") brings this civil rights action against FBI Special Agent Kevin Matthew Gonyo ("Gonyo"), ATF Special Agent Robert Lombardi ("Lombardi") (collectively "Federal Agent Defendants"), federal probation officers Mark Lavinge, Chelsea Deyo, and Blake Dobraj (collectively "Probation Officer Defendants"), and New York state investigators Joshua Dubois, Kent Smith, and Karen Shaw ("State Defendants") (collectively "Defendants"), alleging Defendants violated her Fourth Amendment rights against unreasonable search and seizure.  (Dkt. 1).[1]  Pending before the Court is an unopposed motion to dismiss the claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1999) against

---

[1] Although the complaint indicates that Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, the screening order issued by U.S. Magistrate Judge Daniel J. Stewart construed Plaintiff's claims against the federal officers as brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1999) and permitted her claims against those defendants to proceed.  (Dkt. 11 at 4-5).

- 1 -

the Probation Officer Defendants.[2]  (Dkt. 38).  The Probation Officer Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Rule 12(b)(5) for insufficient service of process.[3]  For the reasons that follow, the Probation Officer Defendants' motion (Dkt. 38) is granted.

## BACKGROUND

The following facts are taken from Plaintiff's complaint.  (Dkt. 1).  As required at this stage of the proceeding, the Court treats Plaintiff's well-pleaded allegations as true.[4]

---

[2]    The U.S. Attorney's Office appeared and filed the motion to dismiss on behalf of the Probation Officer Defendants.  (*See* Dkt. 38).  The motion notes that the Federal Agent Defendants may also be subject to the *Bivens* claim, but that the U.S. Attorney's Office cannot defend Gonyo and Lombardi at this time because service has not been completed on those defendants.  (Dkt. 38-1 at 1).  Summonses were issued for Gonyo and Lombardi (Dkt. 12; Dkt. 12-1) and the U.S. Marshals Service attempted service on those defendants (Dkt. 14; Dkt. 15).  The summons for Gonyo was returned unexecuted with a note stating that "[t]he FBI does not have an office within The New York State Police."  (Dkt. 15-1).  The summons for Lombardi was also returned unexecuted with a note that the ATF field office in Albany, New York reported there was no agent named "Robert Lombardi" at that office.  (Dkt. 14).  No further attempts to identify or serve the Federal Agent Defendants have been made.  The Court will address service on Gonyo and Lombardi in a separate Text Order.

[3]    Although the Probation Officer Defendants move pursuant to Rule 12(b)(5) so as not to "waiv[e] any defenses to service" because the U.S. Marshals Service did not also serve the United States as required by Rule 4(i), they also concede that the individual defendants "accepted service."  (Dkt. 38-1 at 11).

[4]    The Probation Officers Defendants' motion includes an attorney declaration with several attached exhibits related to 2015 and 2023 criminal convictions for an individual named Ronnie Robinson.  (Dkt. 38-2; Dkt. 38-3; Dkt. 38-4; Dkt. 38-5; Dkt. 38-6; Dkt. 38-7).  The complaint does not mention any person named "Ronnie Robinson," but the Probation Officer Defendants argue that he is the individual identified as Plaintiff's "overnight guest" in the complaint.  (Dkt. 38-1 at 9).  The Probation Officer Defendants do not make any argument explaining why the Court may consider these extrinsic documents, except to assert that the Court "may take judicial notice of publicly available documents, which includes prior testimony as well as court decisions."  (Dkt 38-1 at 22).

Defendants arrived outside Plaintiff's home on November 30, 2021, and requested to speak with an "overnight guest" who was inside Plaintiff's apartment.  (*Id.* at 6-8). Plaintiff told Defendants that her guest "would be out shortly" and shut the door.  (*Id.* at 6).  Defendants then entered the apartment over Plaintiff's objections and searched her home without a warrant. (*Id.* at 6-7).  During the search, Defendants questioned the guest and seized $1,835 in cash from Plaintiff's purse. (*Id.* at 7).  Plaintiff seeks the return of her property and $1.5 million in damages. (*Id.* at 7, 9).

Plaintiff initiated this action on November 15, 2024, in the U.S. District Court for the Northern District of New York.  (Dkt. 1).  On April 8, 2025, U.S. Magistrate Judge Daniel J. Stewart granted Plaintiff's motion to proceed *in forma pauperis* and upon screening the complaint pursuant to 28 U.S.C. § 1915(e), permitted Plaintiff's claims to proceed and ordered the U.S. Marshals Service to serve the summonses and complaint on Defendants. (Dkt. 11).  Summonses for Lombardi and Gonyo were returned unexecuted. (Dkt. 14; Dkt. 15).  The State Defendants answered the complaint on August 8, 2025.  (Dkt. 36).  The Probation Officer Defendants moved to dismiss the claims asserted against them

On a Rule 12(b)(6) motion to dismiss, a Court is "normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Id.*  But none of the documents provided by the Probation Officer Defendants fit those categories. Furthermore, while a court "may take judicial notice of public documents or matters of public record . . . including the contents of court dockets," *Warren v. Wilson*, No. 24-CV-1027-LJV, 2026 WL 672745, at *1 (W.D.N.Y. Mar. 10, 2026), "it does so in order to determine what statements they contain[]—but . . . not for the truth of the matters asserted," *Roth*, 489 F.3d at 509 (citation modified).  As explained herein, the Court resolves the motion without reference to the extrinsic documents provided by the Probation Officer Defendants.

that same day. (Dkt. 38). The matter was reassigned to the undersigned on April 28, 2025 (Dkt. 16), and the Court entered a scheduling order on the motion to dismiss, which was mailed to Plaintiff, and directed her to respond to the motion by September 5, 2025 (Dkt. 42). Plaintiff never responded to the motion.

## DISCUSSION

### I.    Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). This consideration also includes "documents upon which the complaint relies and which are integral to the complaint." *Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). A court should evaluate the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

- 4 -

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). Although Plaintiff did not respond to the motion, "[i]f a complaint is sufficient to state a claim on which relief can be granted, the [*pro se*] plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *see Ortiz v. Pace Univ.*, 761 F. Supp. 3d 695, 699 (S.D.N.Y. 2025) ("Although the motion to dismiss is unopposed, [*pro se*] Plaintiff's failure to oppose the motion does not itself justify the dismissal of the complaint."). Accordingly, the Court will proceed to "test . . . [the complaint's] legal sufficiency." *McCall*, 232 F.3d at 322.

## II.      Analysis

The Probation Officer Defendants argue that Plaintiff's claims against them should be dismissed because the complaint impermissibly expands *Bivens* beyond its recognized context. (Dkt. 38-1 at 11-20). The Court agrees that the allegations do not support extending a *Bivens* remedy to this new context and therefore the Court grants the motion to dismiss.

In *Bivens*, the plaintiff alleged that Federal Bureau of Narcotics agents unlawfully entered his apartment and used unreasonable force to arrest him. 403 U.S. at 389. In permitting a claim against the federal agents for damages to proceed, the Court held that a "violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct."

*Id.*    The Court extended this cause of action in two additional contexts.    *See Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment due process claim for sex discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment deliberate indifference claim for failure to provide proper medical attention).    "The Court has since made clear that it is 'reluctant to extend *Bivens* liability "to any new context or new category of defendants.""    *Doe v. Hagenbeck*, 870 F.3d 36, 43 (2d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 675).    Indeed, "expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity."    *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2007) (quoting *Iqbal*, 556 U.S. at 675).

"To inform a court's analysis of a proposed *Bivens* claim, [the Supreme Court has] framed the inquiry as proceeding in two steps."    *Egbert v. Boule*, 596 U.S. 482, 492 (2022). First, a court must ask whether the case presents a "'new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action."    *Id.* (quoting *Ziglar*, 582 U.S. at 139).    A new *Bivens* context includes "a case that involves a 'new category of defendants[.]'"    *Id.* (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).    "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"    *Id.* (quoting *Ziglar*, 582 U.S. at 136).    Applying this two-step process, a *Bivens* remedy is unavailable for Plaintiff's Fourth Amendment claim against the Probation Officer Defendants.

**A. New *Bivens* Context**

First, Plaintiff's claims against the Probation Officer Defendants constitute a new *Bivens* context because probation officers are a new class of defendants and therefore "meaningfully different" from the claim underlying *Bivens*. At first glance the allegations of Plaintiff's complaint are similar to the allegations in *Bivens*. As in *Bivens*, Plaintiff alleges, in part, that federal agents violated her Fourth Amendment rights by conducting a warrantless search of her home. *See* 403 U.S. at 389 ("Petitioner's complaint alleged that on that day respondents, agents of the Federal Bureau of Narcotics acting under claim of federal authority, entered his apartment and. . . . searched the apartment from stem to stern" without a warrant). But the Supreme Court has cautioned that "superficial similarities are not enough to support the judicial creation of a cause of action." *Egbert*, 596 U.S. at 495.

As the Probation Officer Defendants argue, several courts have recognized that federal probation officers constitute a new class of defendants. *See Poulin v. Waite*, No. 22-3050, 2024 WL 617730, at *2 (7th Cir. Feb. 14, 2024) ("A probation officer is a clear example of a new defendant that implicates distinct separation-of-powers issues."); *Manansingh v. United States*, 752 F. Supp. 3d 1221, 1228 (D. Nev. 2024) ("Moreover, this case involves probation officers that, as Judiciary employees, present 'new actors.'"); *Hernandez v. Fulwood*, No. CV 23-46, 2023 WL 1993673, at *3 (E.D. Pa. Feb. 13, 2023) ("These factual allegations assert a new *Bivens* claim because they involve a new class of defendants—federal parole officers. . . ."); *Swinton v. Coleman*, No. 1:23-CV-73-HAB, 2023 WL 4249712, at *2 (N.D. Ind. June 28, 2023) (concluding the complaint presented a new *Bivens* context because "[n]one of [the *Bivens* Supreme Court] cases involve probation

officers."); *Carvajal v. United States*, No. 3:20-CV-567-S-BK, 2021 WL 2814883, at *3 (N.D. Tex. May 11, 2021) ("[N]one of the three cases in which the Supreme Court recognized a *Bivens* remedy was brought against probation officers."), *report and recommendation adopted*, No. 3:20-CV-567-S-BK, 2021 WL 2808966 (N.D. Tex. July 6, 2021); *Barrett v. Idstein*, No. 17-CV-610-JDP, 2018 WL 1124210, at *2 (W.D. Wis. Feb. 26, 2018) (holding that the case presented a new *Bivens* context in part because it was "brought against probation officers").

The Court agrees that federal probation officers constitute a new category of defendants and this causes Plaintiff's claims to present a new *Bivens* context. The legal mandate that a probation officer operates under and the supervisory function they perform are materially different from that of the narcotics agents in *Bivens*. The Probation Officer Defendants are appointed by the court and function under the direction of the court, as compared to the federal law enforcement officers like the ones in *Bivens* who functioned as part of the executive branch. *See* 18 U.S.C. § 3602; *see also Ziglar*, 582 U.S. at 139-40 ("A case might differ in a meaningful way because of . . . the statutory or other legal mandate under which the officer was operating[.]"); *Poulin*, 2024 WL 617730, at *2 ("Congress created the role of probation officers as an arm of the court. . . . [which] brings the case into a new context."). Indeed, a different framework often applies to searches conducted in the probation context as compared to those conducted for general law enforcement purposes. *See, e.g.*, *United States v. Knights*, 534 U.S. 112 (2001) (warrantless search of probationer's apartment, supported by reasonable suspicion and authorized by a condition of his probation, was reasonable under the Fourth Amendment);

*United States v. Hightower*, 950 F.3d 33 (2d Cir. 2020) (exclusionary rule does not apply in federal proceedings for revocation of supervised release).

Accordingly, although both *Bivens* and this case relate to alleged Fourth Amendment violations, in accordance with Supreme Court precedent this overlap in constitutional rights is not sufficient. The naming of federal probation officers as defendants makes the context meaningfully different. Accordingly, the Court moves to the next step to determine whether "special factors" counsel against extending *Bivens* to this new context.

### B.  Special Factors

Under the second step of the *Bivens* inquiry, a court considers whether there are "special factors" that counsel against recognizing a new *Bivens* remedy. The Supreme Court has not provided an "exhaustive list" of factors to consider on this inquiry, "but [the Court has] explained that 'central to [this] analysis' are 'separation-of-powers principles.'" *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (quoting *Ziglar*, 582 U.S. at 135). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez*, 589 U.S. at 102).

Other courts that have examined the issue have concluded that extending *Bivens* claims to probation officers may lead to widespread consequences by opening the door to probationers filing claims against their supervising probation officers. *See K.B. v. Perez*, 664 F. App'x 756, 759 (10th Cir. 2016) (recognizing that extending *Bivens* to probation officers "could lead to unintended, unpredictable, and far-reaching consequences,

- 9 -

including inviting a wide range of actions. . . .”); *see also Wilson v. Buescher*, No. 21-CV-03347-CNS-MEH, 2022 WL 7025098, at *4 (D. Colo. Oct. 12, 2022) (“Because a *Bivens* remedy in this new context would risk the sound judgment of Probation Officers, Congress is better equipped to impose a damages action against the searches and directives of Probation Officers.” ), *report and recommendation adopted*, No. 121CV03347CNSMEH, 2022 WL 16961941 (D. Colo. Nov. 16, 2022).  Indeed, the Supreme Court has advised that if “a court . . . cannot predict the ‘systemwide’ consequences of recognizing a cause of action under *Bivens*. . . . [t]hat uncertainty alone is a special factor that forecloses relief.” *Egbert*, 596 U.S. at 493 (citation omitted).  The Court cannot predict the systemwide fallout of allowing *Bivens* claims against probation officers and as the Supreme Court directs, that uncertainty counsels against permitting Plaintiff’s claim against the Probation Officer Defendants to proceed.

Furthermore, “the existence of an alternative remedy through which the plaintiffs can vindicate their rights [also] counsels against extending a *Bivens* remedy to a new context.” *Smith v. Garcia*, 647 F. Supp. 3d 90, 95 (E.D.N.Y. 2022); *Egbert*, 596 U.S. at 493 (“If there are alternative remedial structures in place, ‘that alone,’ like any special factor, is reason enough to ‘limit the power of the Judiciary to infer a new *Bivens* cause of action.’” (quoting *Ziglar*, 582 U.S. at 137)).  The Court agrees with the Probation Officer Defendants’ arguments that Plaintiff has an alternative remedy that forecloses her *Bivens* claim.

The Court first addresses the Probation Officer Defendants’ argument that the Federal Tort Claims Act (“FTCA”) counsels against extending a *Bivens* remedy here.  “The

- 10 -

[FTCA] gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. § 1346(b)(1)).  This waiver of sovereign immunity does not extend to several intentional torts identified in 28 U.S.C. § 2680(h)—assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights—which the Supreme Court has named the "intentional tort exception." *Levin*, 568 U.S. at 507.[5]  As noted by the Court, the intentional tort exception does not extend to the tort of trespass, *id.* at 507 n.1, which is akin to Plaintiff's allegations.[6]  Plaintiff may therefore have an available remedy for damages in an FTCA

---

[5]     28 U.S.C. § 2680 includes a *proviso* noting that the intentional tort exception does not apply to claims arising out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution as asserted against "law enforcement officers of the United States Government."  28 U.S.C. § 2680(h).

[6]     In *Bivens*, the Supreme Court determined that a state-law trespass claim could not remedy the interests "protected by the Fourth Amendment's guarantee against unreasonable searches and seizures" because "a claim of [federal] authority to enter is likely to unlock the door."  403 U.S. at 394.  The Court reaffirmed this principle in *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 73 (2001) ("When a federal officer appears at the door and requests entry, one cannot always be expected to resist.  Yet lack of resistance alone might foreclose a cause of action in trespass or privacy.  Therefore, we reasoned in *Bivens* that other than an implied constitutional tort remedy, 'there remain[ed] . . . but the alternative of resistance, which may amount to a crime.'" (citations omitted)).  Indeed, although Plaintiff alleges that she did not consent to Defendants' entry into her apartment and the subsequent search, she does not allege that she tried to block Defendants other than to close her door, which was evidently unsuccessful.

claim, but whether such a claim constitutes a special factor that counsels against extending a *Bivens* remedy here is uncertain.

In *Carlson*, the Supreme Court concluded that the FTCA, by itself, does not preclude a *Bivens* action. 446 U.S. at 19. The Court reaffirmed this conclusion in 2001. *Corr. Servs. Corp.*, 534 U.S. at 68 ("[The Court] also found it 'crystal clear' that Congress intended the FTCA and *Bivens* to serve as 'parallel' and 'complementary' sources of liability." (quoting *Carlson*, 446 U.S. at 19-20)). But the Court's recent *Bivens* jurisprudence regarding the availability of alternative remedies has caused many courts to question whether *Carlson's* conclusion remains good law, including within this circuit. *Compare Edwards v. Gizzi*, 107 F.4th 81, 85 n.3 (2d Cir. 2024) (Park, J., concurring in the judgment) ("So we must follow the Supreme Court's own recent approach in giving 'little weight' to *Carlson's* conclusion 'because it predates [the Court's] current approach to implied causes of action and diverges from the prevailing framework.'" (citation omitted)), *with id.* at 91 (Parker, J., dissenting) ("The existence of the Federal Tort Claims Act, which imposes liability against the United States and not against individual officers – is clearly not an 'alternative remedial scheme' for a constitutional remedy that is centered entirely [on] individual officer deterrence." (citation omitted)), *and Johnson v. Santiago*, 624 F. Supp. 3d 295, 302 (E.D.N.Y. 2022) ("[T]he court agrees with the 'many cases' that have concluded - following the Supreme Court's decision in [*Ziglar*] – that the remedies provided by the [FTCA] constitute 'a special factor counseling hesitation in extending *Bivens*.'" (citation omitted)), *with Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 710 (S.D.N.Y. 2020) ("The FTCA remains, therefore, an insufficient 'protector of the citizens'

- 12 -

constitutional rights,' and its availability does not alone compel a conclusion that a remedy under *Bivens* is precluded." (internal citation omitted)); *see also Egbert*, 596 U.S. at 524 n.7 (Sotomayor, J., concurring in the judgment in part and dissenting in part) ("This Court repeatedly has observed that the FTCA does not cover claims against Government employees for 'violation[s] of the Constitution of the United States.'" (quoting 28 U.S.C. § 2679(b)(2)(A))).

But the Court need not decide whether the availability of an FTCA claim constitutes a special factor counseling against extending a *Bivens* remedy here because the Court agrees with the Probation Officer Defendants that Federal Rule of Criminal Procedure 41(g) provides alternative relief for Plaintiff, which serves as a second factor that cautions against extending a *Bivens* cause of action here.

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). While Rule 41(g) is a rule of criminal procedure, the Second Circuit has "long held that where . . . a motion under that rule is filed '[a]fter a criminal proceeding has ended,' the district court should construe such a motion 'as initiating a civil action in equity.'" *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 394 (2d Cir. 2023) (quoting *Lavin v. United States*, 299 F.3d 123, 127 (2d Cir. 2002)). While Plaintiff does not allege she was the subject of any criminal proceeding related to the seizure, Rule 41(g) permits any "person aggrieved by an unlawful search and seizure of property" to bring a recovery motion. *Cf. id.* at 396 ("[A] defendant's [or third party's] right to the return of lawfully seized property is subject to the [g]overnment's legitimate continuing interest in that

- 13 -

property." (alterations in original) (citation omitted)); *see also* 3A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 690 (4th ed. 2023) ("[T]he person filing the motion need not be a party to the existing litigation.").

Whether Rule 41(g) presents an alternative remedy to foreclose a *Bivens* claim has not been squarely addressed by the Second Circuit Court of Appeals.  But the First Circuit Court of Appeals has held that Rule 41(g) is "an alternative remedy . . . and, consequently, a special factor counseling against an extension of *Bivens*" for plaintiffs who alleged their property was seized in violation of the Fourth Amendment.  *Quinones-Pimentel v. Cannon*, 85 F.4th 63, 75 (1st Cir. 2023).  The Court finds the First Circuit's reasoning persuasive.

As recognized by the First Circuit, the fact that Rule 41(g) only provides for the return of the unlawfully seized property, and not compensatory damages, does not bar Rule 41(g) from serving as an alternative to a *Bivens* claim.  *Quinones-Pimentel*, 85 F.4th at 74; *see Egbert*, 596 U.S. at 493 ("Nor does it matter that 'existing remedies do not provide complete relief.'" (citation omitted)).  The Supreme Court has observed that other alternative forms of relief that do not provide money damages, such as injunctions and petitions for a writ of habeas corpus, may present sufficient remedies to counsel against extending *Bivens*.  In *Ziglar*, the Supreme Court denied a *Bivens* claim in part because of the availability of alternative remedies that did not provide money damages, stating:

> This case also has certain features that were not considered in the Court's previous *Bivens* cases and that might discourage a court from authorizing a *Bivens* remedy. . . .  [T]here might have been alternative remedies available here, for example, a writ of habeas corpus; an injunction requiring the warden to bring his prison into compliance with the regulations discussed above; or some other form of equitable relief.

- 14 -

*Ziglar*, 582 U.S. at 148 (internal citation omitted).  While Rule 41(g) does not provide for money damages, the Court finds that the availability of an alternative remedy that addresses Plaintiff's claim, at least in part, further distinguishes this case from *Bivens* and therefore presents a second special factor that counsels against extending *Bivens* here.  *See id.* at 144 ("It is of central importance, too, that this is not a case like *Bivens* or *Davis* in which 'it is damages or nothing.'" (quoting *Bivens*, 403 U.S. at 410 (Harlan, J., concurring in judgment); *Davis*, 442 U.S. at 245)).

Finally, the Court observes that several other courts, in addition to the First Circuit, have reached the same conclusion about Rule 41(g).  *See Davis v. Wernick*, No. 19-CV-3327 (CRC), 2021 WL 310999, at *4 (D.D.C. Jan. 29, 2021) (holding that Congress's decision to authorize a mechanism in Rule 41(g) "which vindicates a plaintiff's interest in contesting deprivations of his property under only certain circumstances is . . . strong evidence against the implication of a new *Bivens* action here."); *Omran v. United States*, No. 1:14-CV-13881, 2016 WL 4158556, at *11 (D. Mass. June 22, 2016) ("[Plaintiff's] *Bivens* claims pertaining to the return of property are barred due to the provision of an adequate, comprehensive procedural and remedial scheme pursuant to Rule 41(g)."); *Baird v. Holton*, 806 F. Supp. 2d 53, 58 (D.D.C. 2011) ("The plaintiff may seek return of the property taken from him by filing a motion pursuant to Rule 41(g).  There is no basis for creating a *Bivens* remedy when an alternate remedial scheme plainly exists to rectify the defendant's alleged wrongdoing.  The Court therefore declines to recognize a *Bivens* remedy for the defendant's alleged wrongful deprivation of the plaintiff's property." (footnotes omitted)).

- 15 -

In sum, Plaintiff's Fourth Amendment claim as asserted against the Probation Officer Defendants seeks to expand *Bivens* against a new category of defendants and thus into a new context. The Court concludes that uncertain ramifications of expanding *Bivens* to probation officers and the availability of an alternative remedial scheme in Fed. R. Crim. P. 41(g) to recover the money allegedly stolen from Plaintiff's purse counsels against extending *Bivens* to this new context. Accordingly, the Court grants the Probation Officer Defendants' motion (Dkt. 38) and dismisses the complaint as asserted against them.[7]

## **CONCLUSION**

For the foregoing reasons, the Probation Officer Defendants' motion to dismiss (Dkt. 38) is granted. The Clerk of Court is directed to enter judgment in favor of Mark Lavinge, Chelsea Deyo, and Blake Dobraj and dismiss them as defendants in this action.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       July 17, 2026
             Rochester, New York

---

[7] Because the Court declines to extend *Bivens* to this new context, the Court does not address the Probation Officer Defendants' alternative arguments that they are entitled to qualified immunity and dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.